UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.                          CASE NO. 2:90-CR-59-FTM-17

CARLOS GARCIA.

_____/

ORDER

This cause is before the Court on:

Dkt. 21    Motion for Writ of Error Coram Nobis
Dkt. 24    Response

The Court takes judicial notice of the attachments to Petitioner's Motion, Affidavit of Carlos Garcia, and Notice to Appear, filed in Case No. 2:88-CR-31-JES.

Petitioner Carlos Garcia was charged with drug trafficking in Case No. 2:88-CR-31-JES, Case No. 2:88-CR-32-JES, and Case No. 2:90-CR-59-HLA. In Case No. 2:90-CR-59-FTM-HLA, Petitioner entered a guilty plea and was sentenced. In 1998, the undersigned ruled on the Government's Motion to Reduce Sentence (Dkts. 18, 19) and, in 1999, ruled on a petition for modification of supervised release (Dkt. 20).

On December 22, 1992, the INS placed a detainer on Petitioner, and issued a Notice to Appear, alleging that Petitioner's prior convictions for drug trafficking made him deportable. Petitioner was taken into INS custody based on the detainer and Notice to Appear, and was released on bond on

Case No. 2:90-CR-59-FTM-17

February 11, 1998. Petitioner is currently under INS supervision. On May 5, 2009, the INS judge ordered that Petitioner, in absentia, be deported to his native country, Cuba.

Petitioner Carlos Garcia moves the Court to vacate his conviction in this case based on trial counsel's failure to advise him of collateral immigration consequences of Defendant's guilty plea. Padilla v. Kentucky, 130 S.Ct. 1473 (2010). Petitioner argues that if Petitioner had received this advice, Petitioner would not have pled guilty. Based on these factors, Petitioner contends that Petitioner's conviction should be vacated. Strickland v. Washington, 446 U.S. 668 (1984).

Petitioner has completed his sentence and supervised release imposed in this case, and is not in custody. Jurisdiction is based on 28 U.S.C. Sec. 1651(a), authorizing a federal court to issue a writ of error coram nobis. United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997). Petitioner is on bail from INS custody.

Petitioner contends that Padilla applies retroactively because it satisfies the test in Teague v. Lane, 489 U.S. 288 (1989), in that: 1) it was decided after Petitioner's conviction became final, and 2) did not announce a "new rule." Petitioner argues that even if Padilla announced a "new rule," the new rule would apply retroactively because it involves a "watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceedings." Swindall, 107 F.3d at 835. Petitioner argues that Petitioner continues to suffer severe prejudice from the deportation consequences of Petitioner's guilty plea, justifying the grant of a writ of error coram nobis.

2

Case No. 2:90-CR-59-FTM-17

The Government responds that <u>Padilla</u> does not establish that Petitioner's conviction must be vacated, because <u>Padilla</u> does not apply retroactively, and announces a new rule regarding ineffective assistance of counsel. <u>Teague</u>, <u>supra</u>, requires the Court to look at the law at the time of Petitioner's conviction became final, and determine whether a later rule announced by the Supreme Court is an old or new rule. A "new" rule "breaks new ground, imposes a new obligation on the States or the Federal Government, or was not dictated by precedent existing at the time the defendant's conviction became final." <u>Saffle v. Parks</u>. 494 U.S. 484, 488 (1990).

For purposes of collateral review, <u>Teague</u> specifies two exceptions that allow a new rule to apply retroactively: 1) if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority"; or 2) if it would "alter our understanding of the bedrock procedural elements that must be found to vitiate the fairness of a particular conviction." <u>Teague</u> at 311.

The Government argues that the watershed exception is extremely limited and does not apply here. <u>Llanes v. United States</u>, 2011 WL 2473233, *7 (M.D. Fla. 2011); <u>see also</u> <u>Mendoza v. U.S.</u>, 774 F.Supp.2d 791, 797 (E.D. Va. 2011).

I. Standard of Review

The Court may issue a writ of error <u>coram nobis</u> only when a petitioner shows: 1) he was not in custody when he filed the petition, <u>United States v. Peter</u>, 310 F.3d 709, 712 (11th Cir. 2002); 2) no other available and adequate avenue for relief

3

Case No. 2:90-CR-59-FTM-17

exists, <u>Alikhani v. United States</u>, 200 F.3d 732, 734 (11th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 929 (2000); 3) the error alleged involves a factual matter of the most fundamental character that has not been put to issue or passed upon and that renders the proceeding itself irregular and invalid, <u>Id</u>; and 4) the petitioner sets forth sound reasons for failing to seek earlier relief. <u>United States v. Mills</u>, 221 F.3d 1202, 1204 (11th Cir. 2000), <u>cert</u>. <u>denied</u>, 531 U.S. 1144 (2001).

II. Discussion

The test for ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) includes establishing that: 1) counsel's representation fell below an objective standard of reasonableness; and 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. In <u>Padilla v. Kentucky</u>, <u>supra</u>, the Supreme Court held that effective assistance of required counsel to provide the client with available advice about an issue like deportation and the failure to do so satisfies the first prong of <u>Strickland</u> analysis. The Supreme Court remanded the case to determine whether the defendant could demonstrate prejudice as a result of his counsel's conduct.

The Court notes that there is a split of authority as to whether <u>Padilla</u> represents a "new rule." The Third Circuit Court of Appeals has held that <u>Padilla</u> should apply retroactively on collateral review; the Seventh Circuit Court of Appeals and the Tenth Circuit Court of Appeals have held that <u>Padilla</u> constitutes a new rule that does not fall within the exceptions stated in

4

Case No. 2:90-CR-59-FTM-17

<u>Teague</u>.  See <u>Sarria v. United States</u>, 2011 WL 4949724 (S.D. Fla. 10/18/2011).

After consideration, the Court finds that <u>Padilla</u> sets forth a new rule for retroactivity purposes.  <u>Llanes v. United States</u>, 2011 WL 2473233, *4 (M.D. Fla. June 2011).  At the time of <u>Padilla</u>, effective assistance only required an attorney to notify his client of direct and not collateral consequences.  <u>Padilla</u> at 1481, n. 8, citing <u>U.S. v. Campbell</u>, 778 F.2d 764, 768-69 (11th Cir. 1985).  In <u>Campbell</u>, the Eleventh Circuit Court of Appeals did not find ineffective assistance of counsel if an attorney failed to notify his client about collateral consequences that may result from a plea of guilty.  <u>United States v. Stubbs</u>, 2011 WL 3566839 (M.D. Fla. 8/15/2011).  Many other state and federal courts did not consider attorneys obligated by the Sixth Amendment to advise their clients as to collateral consequences. <u>Padilla</u> itself acknowledges that the majority's decision in <u>Padilla</u> represents a "dramatic departure from precedent."

The "watershed" exception in <u>Teague</u> requires that a new rule: 1) "must be necessary to prevent an impermissibly large risk of an inaccurate conviction," and 2) "must alter our understanding of the bedrock procedural elements essential to the fairness of the proceeding."  A defendant's ignorance of the immigration consequences of his plea does not render a guilty plea involuntary.  <u>Llanes v. United States</u>, <u>supra</u>.  After consideration, the Court finds that <u>Padilla</u> does not fall within the watershed exception.

The Court further notes that Petitioner Garcia has submitted his affidavit stating only that, had he known of the immigration

5

Case No. 2:90-CR-59-FTM-17

consequences of his guilty plea, Petitioner would have decided not to plead guilty. Petitioner has not proclaimed his innocence of alleged any potential defenses. Therefore Petitioner has not demonstrated the reasonable probability that the result would have been different, but for counsel's errors, the second prong of the <u>Strickland</u> test for ineffective assistance of counsel. Accordingly, it is

**ORDERED** that Petitioner Carlos Garcia's Motion for Writ of Error Coram Nobis (Dkt. 21) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 31st day of October, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record